Peck, J.
delivered the opinion of the court.
The question for the court to decide in this case, arises upon the charge of the court to the jury on the following entry, given in evidence as part of the plaintiff’s title:
“29th May, 1824, Stephen Clark enters a preference of 148 acres of land, lying in the county of Franklin, on the waters of Bradley’s creek of Elk river, beginning on a hickory, marked as a corner in the presence of Waller and Thomas Brixey, running south to the north boundary line of a 1000 acre tract, known in the name of Doherty’s heirs, thence west for complement.” The court charged the jury, that this entry was too vague and uncertain to enable the defendant (in the court below) to connect the same with his grant, and thereby overreach the grant of the plaintiff.
What are the objects called for: 1. A preference in Stephen Clark to enter this 148 acres. 2. It is in Frank *280 lin county, on the waters of Bradley’s creek of Elk riv-n t , . ... , „ , r er. 3. Is to begin at a hickory marked, &c. 4. Is to run south to the north boundary of 1000 acres in the name of Doherty’s heirs, and then west for complement. Here are calls for both natural and artificial objects; certainly we are not to overlook the prominent one, the preference right of Clark, the enterer. It is said, and correctly, that there are three kinds of preference rights given. 1. To such as are in the possession of vacant land. 2. Of lands adjoining the owner of a tract containing less than 160 acres, on which improvements have been made: and 3. To one who has had an entry and survey returned, but the warrant lost. In the first two cases, where the call in the entry for the preference makes part of the description, it is a fair inference, that by such call alone the land can be found, because the possession or improvement creates the identity; in the third case, the returned survey being a matter of record, is such notice of identity as will enable a subsequent en-terer to ascertain where the land lies. On this point alone we are of opinion the description in the entry makes the same special for the land; at least prima facie, if not conclusively.
But the other calls must not be overlooked; the land is to lie on the waters of Bradley’s creek, to adjoin on the north boundary of Doherty, and extend west. If we say nothing of the hickory, still there is enough on the face óf the entry, take it all together, to fix the locality of the land. Transpose the language, to adjoin Doherty on the north boundary; lie on the waters of Bradley’s creek, and include the preference of the enterer. This would be giving such special notice of the land entered, as it is believed could not be mistaken by any one disposed to enter the same land. If the entry was prima facie good upon its face, and' no proofs be adduced to show that, nevertheless, it is uncertain, as by proving similar objects elsewhere, it must be available. The court there *281 fore erred in instructing the jury that the entry upon its face was vague and uncertain.
Judgment reversed.